UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:15-cr-44-JES-MRM

NICHOLAS JAKIMER

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #134) filed on May 19, 2021, by and through counsel. The government filed a Response in Opposition to Motion for Compassionate Release (Doc. #135) on June 2, 2021.

This is not defendant's first request for compassionate release, and a little procedural history would be beneficial. On April 15, 2016, a jury in Fort Myers found defendant guilty of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. On October 31, 2016, defendant was sentenced to a term of 60 months of imprisonment followed by 48 months of supervised release. Defendant was permitted to self-surrender, and the Court recommended incarceration at a facility capable of attending to defendant's medical needs. (Doc. #85.) Before sentencing, defendant advised that he was in poor health and used an oxygen tank. Medical records verified that defendant was being treated for hypertension, and a history of back problems.

Defendant also receives care for a recurring acute metabolic syndrome. (Doc. #76, ¶¶ 113, 115.) Defendant uses a cane and he has disc bulges and multilevel degenerative disc disease and stenosis. (Id., ¶ 116.) At the sentencing hearing, defendant expressed concern about his physical condition because a mass was found on his kidney and he was waiting for test results as to whether the mass was benign or malignant. (Doc. #94, p. 6.) The government did not oppose a request to self-surrender "based primarily on the medical issues." (Id., p. 10.) Defendant's self-surrender date was originally set for December 30, 2016, and later extended to March 3, 2017 based on ongoing medical treatment. (Docs. ## 82. 96.)

On February 22, 2017, counsel sought another extension of the deadline to self-surrender due to an upcoming knee surgery and continued kidney issues requiring monitoring. The government did not oppose the request. (Doc. #99.) This request was also granted and the self-surrender date was extended to May 2, 2017. (Doc. #100.) A motion seeking additional time to self-surrender filed on April 27, 2017, was denied. (Docs. ## 102, 104.) In opposing the motion, the government noted that defendant had made no significant progress towards resolving his medical issues during the intervening 6 months after sentencing, and that defendant's orthopedic surgeon described the knee surgery as an "option." (Doc. #103.)

On January 9, 2020, counsel filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #124). The Court denied the motion finding that defendant failed to establish an extraordinary and compelling reason for a reduction in sentence or for release. The Court noted that "Defendant is being provided competent care, a portion of which he continues to refuse to his apparent detriment." (Doc. #129, p. 5.) On April 7, 2020, defendant sought reconsideration by *pro se* motion arguing that the Court was mistaken and that it was not his fault that he failed to obtain a biopsy. The Court considered the government's affidavits in response and denied the Motion Requesting Reconsideration of This Court's Denial of His Request for Compassionate Release (Doc. #130). (Doc. #133.) The government indicates that on April 30, 2020, the BOP removed defendant from prison and placed him in home confinement pursuant to a program for inmates presenting high-risk for COVID-19. After 8 months, the BOP revoked the home confinement and placed defendant back in jail as his whereabouts were unknown. (Doc. #135, pp. 3-4.) In March 2021, defendant was released to a residential-reentry center[1]

---

[1] Defendant was not returned to home confinement because the residential reentry program received a letter from "the Rabbi and an Attorney claiming the inmate needed water therapy and could NOT wear an ankle bracelet", so the bracelet was removed. Defendant became unaccountable and was placed on ESCAPE status. The residential reentry program office received information from BOP staff that defendant claimed he was living in a church and sleeping on a pew. It was determined that defendant did not have a viable

where he is free to schedule and attend medical appointments. (Id., p. 4.) Defendant is eligible to leave and return to home confinement on September 1, 2021, and will be released from BOP supervision on May 1, 2022. (Id.)

Defendant has now filed this renewed motion through counsel. Defendant seeks to reduce his sentence to time served and to begin supervised release. Defendant states that he has an enlarging renal mass confirmed to be renal cell carcinoma, Chronic Obstructive Pulmonary Disease, umbilical hernia, calcific atherosclerosis in the abdomen and pelvis, a fully deteriorated new in need of replacement, left lung mass suspected to be cancer, and lumber stenosis. (Doc. #134, p. 1.) Defendant is currently housed at a Salvation Army inpatient facility after being released by the Bureau of Prisons in May 2020 due to his high risk of contracting COVID-19. Defendant remains in fear of contracting COVID-19 in his present living accommodations. (Id.)

Defendant asserts that his "current situation does not give him sufficient flexibility to set up all the appointments and doctor visits required to get the surgeries and treatment he needs. (Id., p. 4.) Yet, the Federal Program Manager at The Salvation Army sheds some light on the situation that states otherwise:

> Mr. Jakimer is a resident in our facility due to violating his conditions of home confinement. We have not denied any medical

residence through is own admission. (Doc. #135-1, pp. 4-5.)

> treatment and have tried to encourage him to
> schedule medical appointments, but he always
> has an excuse. He states none of his doctors
> will see him due to him being "sick". He had
> an appointment yesterday with a Neuro Surgeon
> but returned with a letter stating they were
> not able to see him due to illness. He is not
> on "lockdown", he is allowed to go to his
> medical appointments, pick up prescriptions
> and to the store. He states he is not able to
> receive treatment and surgery for his "cancer"
> because he is "sick" and not able to get well
> because of his living conditions. Please note
> that he was prescribed a antibiotic and we
> found ½ of the medication in his truck that he
> did not finish. He stated he forgot and
> thought he took it all. Strange thing is his
> medication was inside the building and he put
> the medication in his truck. That is why I now
> keep his keys because it was reported that he
> would go to his truck and put things in and
> take things out of it while being outside
> during rec time. He had a private room until
> April 29th but since then he shares the room
> with one other resident. Please let me know if
> you need any other information.

(Doc. #135-1, p. 1.) Defendant did not provide medical records or a confirmed diagnosis of cancer in the lung, and in fact as of April 8, 2021, he was still "High suspicion for lung cancer." (Doc. #134-1, p. 2.)

If the Court finds "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors. United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020). The Court finds that defendant has failed to demonstrate extraordinary and compelling reasons to

reduce his sentence to time served.  Defendant was provided an early release to home confinement due to COVID-19, failed to comply with conditions and could not establish a stable home environment, and later was released to the Salvation Army where he has freedom to seek medical care but has neglected to do so.  Defendant has had numerous opportunities to demonstrate that home confinement before the current projected date in September is the appropriate course.  The Court is not convinced that a reduction in sentence is warranted under the facts presented.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #134) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record