UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                               CASE NO: 2:15-cr-44-JES-MRM

NICHOLAS JAKIMER

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence (Doc. #137) filed on August 16, 2021. The government filed a Response in Opposition (Doc. #138) on August 31, 2021. Defendant also filed an Emergency Amendment for Motion for Reconsideration for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #139) on September 8, 2021, and a reply to the government's Response (Doc. #14) on September 17, 2021.

On June 7, 2021, the Court issued an Opinion and Order (Doc. #136) detailing defendant's three previous requests for compassionate release. The Court denied the third motion filed by counsel, stating:

> Defendant was provided an early release to home confinement due to COVID-19, failed to comply with conditions and could not establish a stable home environment, and later was released to the Salvation Army where he has freedom to seek medical care but has neglected to do so. Defendant has had numerous opportunities to demonstrate that home confinement before the current projected date in September is the appropriate course.

(Doc. #136, p. 6.)  The current motion attaches medical records asserting that the "previous motion was denied due to insufficient exhibits and inaccurate information of accountability, residency, and others given by RRC-VOP as well as the government." (Doc. #137, p. 1.)  The government notes in response that the "new" documents pre-date the filing of the original motion by months, and the remaining documents are irrelevant.  (Doc. #138, pp. 2-3.)

The government argues,

> The jumble of documents do not prove that the Court incorrectly denied the original motion for compassionate release.2 At best, Jakimer's exhibits demonstrate that that he needs to be examined by a doctor to head-off potential disease. But, this type of evaluation can be done in prison, which is where Jakimer is now located having twice failed to abide by the terms of home confinement. Having presented no evidence that he suffers from a terminal illness or cannot care for himself in a correctional setting, Jakimer has not demonstrated that extraordinary and compelling circumstances justify his release. Further, even if Jakimer had provided such reasons, the statutory sentencing factors found in 18 U.S.C. § 3553 militate heavily against his release. He remains a danger to the community and continued incarceration is required to promote his respect for the law. Jakimer has twice been released by the Bureau of Prisons on home-confinement, and twice he has been sent back to prison for failure to comply with the terms of the program. Most recently (on July 15, 2021), Jakimer was found to be in possession of a knife, which was hidden under a sink in a protective covering within his room. Because Jakimer was the only resident of the room, he was re-incarcerated

>     for violating the rule against possessing weapons in the half-way house.

(Doc. #138, pp. 3-4.)

Defendant argues that reconsideration is appropriate due to his attorney failing to explain the relevance of the exhibits as proof of his whereabouts, and the misinformation regarding his location at a church. The Amendment states that defendant was remanded to Charlotte County Jail "for an unjustified RRC violation", and he has tested positive for COVID. Defendant seeks Monoclonal Antibodies and to be transferred to Physician's Regional Medical Center in Naples, Florida. The Reply points out that the exhibits are relevant because they reflect a medical plan to undergo lung surgery. Defendant also states that he has several overdue surgeries, and that the removal of an ankle monitor was to stop the loss of stability and muscle mass by "aquatherapy". Defendant seeks to begin his supervision because after surgery he will need the therapy of a spa or pool and the RRC has had trouble monitoring his whereabouts even placing him in "escape mode". Defendant states that RRC mistook him for another inmate, and the government repeated this error to the Court. Defendant goes on to dispute other incidents at RRC and asks that he be released for treatment with his own choice of doctors at his own expense.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v.

Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). United States Sentencing Guideline Manual §1B1.13, cmt. n.1(A) provides that an extraordinary and compelling reason for a reduction in sentence may exist if defendant is suffering from a terminal illness, or as is relevant here, "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant must also not be a danger to the safety of any other person or to the community, and the reduction must be consistent with this policy statement. Id., §1B1.13(2), (3). If the Court finds "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors. United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020).

The exhibits presented by defendant reflect a letter from The Salvation Army indicating that he arrived to the RRC Program on April 30, 2020, and that defendant was removed from home confinement on December 31, 2020, due to a violation of the program rules. (Doc. #137-1, p. 3.) Defendant attached notes from a May 28, 2020 and June 25, 2020 office visit. (Id., pp. 18-19.) A letter from Harbor Neurosurgical Associates dated October 1, 2020, recommended home aqua therapy. (Id., p. 13.) A November 19,

2020, letter from Physicians Regional Healthcare System recommends exercise in a swimming pool as the only safe alternative for exercise due to chronic pain. "Additionally, with his ankle monitor in place, his medical needs cannot be properly addressed." (Id., p. 12.) The documentation from Bayfront Health for post-surgical reaction is from December 2020. (Id., pp. 15-17.)

A letter dated April 5, 2021, from George A. Gamouras, states that defendant needs to complete a nuclear stress test as soon as possible to avoid delay of his medical treatment plan. (Id., p. 14.) An April 14, 2021, April 21, 2021, and May 4, 2021, letter from Lee Physician Group recommending that defendant avoid highly populated or communal living arrangements due to his high risk. (Id., pp. 4-7.) A May 25, 2021, letter by Harbor Neurosurgical Associates to the Salvation Army states that the patient came in but was sent home due to illness. (Id., p. 11.) Also attached is a June 7, 2021, letter from defendant's pain management doctor recommending that his "current housing" is affecting his health and keeping him from receiving adequate medical care. The doctor recommends that defendant's home will provide a safer environment. (Id., p. 10.)

A notation from a Residential Reentry Specialist dated May 21, 2021, states:

> 04-30-21 Inmate Arrived as a COVI0-19 Direct Home Confinement (HC) Placement from COL

>   *12-30-20 Inmate was placed on ESCAPE status due to being unaccountable and was placed in JAIL
>
>   **03-15-21 Inmate was released back to Salvation Army where he is currently being Housed
>
>   *Jakimer was unaccountable numerous times and ordered to return to the RRC, he did NOT return to RRC until late that evening claiming he was in the Hospital. ESCAPE Procedures were initiated and a check of all Hospitals, Jails, etc., revealed Jakimer was NOT in any hospital as he claimed, therefore, he was charged with ESCAPE and placed in JAIL.
>
>   **When released from JAIL, Jakimer was placed in the Salvation Army RRC and NOT returned to HC Status due to the RRMB receiving a letter from the Rabbi and an Attorney claiming the inmate needed water therapy and could NOT wear an ankle bracelet (RRMB ordered the Ankle monitor be removed) this is when the inmate began his unaccountability and the RRC was unable to keep track of him while he was out on HC. The RRM Office received information that BOP staff had been notified that the inmate claimed he was living in a church and seeping on a pew. It was then determined that the inmate did NOT have a viable residence through his own admission and the RRMB was notified the inmate would remain housed at the RRC until he could be re-designated to FMC Butner due to his self admission and the calls received from his son and family friend that he was in need of surgery and that he has cancer, however, I am not aware of any documentation.

(Id., pp. 37-38.)  Contrary to these statements, defendant claims to own a long-term residence in Port Charlotte, Florida.  (Id., p. 27.)

Defendant is currently at a Residential Reentry Management office in Miami with a release date of April 11, 2022. Thus far, defendant has not demonstrated an ability to comply with restrictions and reporting while in home confinement or in a residential program. As such, the Court is not inclined to grant an early release and increase the burden on United Sates Probation. The medical documents reflect mostly a pain management issue and chronic infections preventing the scheduling of surgery. The Court does not find an extraordinary and compelling reason to expedite defendant's release. Defendant may not pose a danger to the public in a general sense, but he does pose a difficult burden for those responsible for his whereabouts.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reduction of Sentence (Doc. #137) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of September 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record